UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM EUGENE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-0355-CVE-FHM |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On August 20, 2013, Magistrate Judge Frank H. McCarthy entered a report and recommendation (Dkt. # 20) recommending that the Court affirm the decision of the Commissioner of Social Security to deny plaintiff's claim for disability benefits. Plaintiff has filed an objection (Dkt. # 21) to the report and recommendation, and he asks the Court to remand the case for further administrative proceedings.

**I.**

On April 17, 2009, plaintiff filed a claim with the Social Security Administration (SSA) for disability benefits and he was 51 years old when his claim was filed. The SSA initially denied plaintiff's claim, and he requested reconsideration of the adverse decision. Dkt. # 15-3, at 2-4; Dkt. # 15-4, at 13. Plaintiff's claim was denied upon reconsideration, and he requested a hearing before an administrative law judge (ALJ). Dkt. # 15-4, at 20-21.

On September 2, 2010, the ALJ held a hearing on plaintiff's claim for disability benefits and plaintiff was represented by an attorney. Plaintiff testified that he previously worked as a self-

employed welder, and he worked for oil companies.[1] Dkt. # 15-2, at 40. Plaintiff also built fences and performed other manual labor for farmers and ranchers. Id. Plaintiff testified that he was unable to return to any of his previous employment due to shoulder and neck pain. Id. After plaintiff's attorney made a statement clarifying the full scope of medical conditions from which plaintiff allegedly suffered, the ALJ advised plaintiff's counsel that there was an issue in this case as to whether plaintiff had transferable skills that could be used in sedentary work. Id. at 41. The ALJ questioned plaintiff in more detail about his medical conditions and his ability to perform household tasks. Id. at 42-48. Plaintiff explained that he voluntarily stopped working as a self-employed welder because he was not able to physically perform the work, and his attempts to obtain less physically demanding jobs in shops were unsuccessful. Id. at 49. Plaintiff stated that he had difficulty grasping small items and that he could not sit in a non-reclining chair comfortably. Id. at 50.

The ALJ called a vocational expert (VE), Michael Wiseman, to testify about the availability of jobs in the regional and national economies for a person with plaintiff's skills and limitations. Id. at 53. The VE testified that plaintiff had the transferable skills of "reading and writing reports, the skill of supervision, the skill of operating tools and equipment, and the skill of repair procedures," and the VE stated that those skills were transferable to sedentary work. Id. Considering these transferable skills, the VE testified that plaintiff could work as a motor transportation assignment clerk or as a maintenance dispatcher. Id. at 53-54. Plaintiff's attorney asked the VE to assume that plaintiff had trouble lifting as much weight as a gallon of milk and,

---

[1] Plaintiff completed a disability report stating that he had previously worked as a mechanic for the Owasso School District, but this prior employment was not mentioned by the plaintiff or the ALJ during the hearing. See Dkt. # 15-6, at 14, 33.

2

even assuming such a limitation, the VE testified that plaintiff could work as a motor transportation assignment clerk or as a maintenance dispatcher. Id. at 56. Plaintiff clarified that he could lift between four and six pounds for a short time without experiencing hand and shoulder pain. Id. at 59. The VE testified that an individual with such a restriction and who was also unable to "complete a normal work day or workweek due to weakness, loss of concentration [and] pain" could not perform plaintiff's past relevant work or any other kind of competitive work. Id. at 59-60.

On October 7, 2010, the ALJ issued a written decision denying plaintiff's claim for disability benefits. The ALJ found that plaintiff had not engaged in substantial gainful employment since October 1, 2008, and that plaintiff had the severe impairments of degenerative disc disease of the cervical spine, left rotator cuff tear, and chronic knee pain. Id. at 24. Even with these limitations, the ALJ determined that plaintiff had the residual functional capacity (RFC) to perform sedentary work. Id. at 25. This precluded plaintiff from performing any of his past relevant work. Id. at 29. The ALJ found that plaintiff had the transferable skills of "reading and writing reports, supervision, operating tools and equipment, and repair procedures." Id. at 30. Based on plaintiff's RFC and his transferable skills, the ALJ relied on the VE's testimony and determined that plaintiff could perform the jobs of motor transportation assignment clerk and maintenance dispatcher. Id. at 30. This finding was based on an assumption that plaintiff could perform the jobs with the "skills acquired in the claimant's past relevant work but no additional skills." Id. at 30. Plaintiff was 53 years old at the time the decision was entered, and the ALJ found that a person with transferable skills who had not reached the advanced age of 55 or older was not disabled under Medical Vocational Rule 201.15. Id. at 31.

Plaintiff appealed the denial of his claim for disability benefits and the Appeals Council found no basis to review the ALJ's decision. Plaintiff filed this case seeking judicial review of the denial of his claim for disability benefits, and the matter was referred to a magistrate judge for a report and recommendation. The magistrate judge entered a report and recommendation (Dkt. # 20) recommending that the ALJ's decision be affirmed. Plaintiff has filed an objection (Dkt. # 21) to the report and recommendation, and defendant has not filed a response to plaintiff's objection.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

**III.**

Plaintiff argues that the ALJ erroneously found that he had transferable skills that could be used in sedentary work and, even if the ALJ had substantial evidence to support his finding concerning transferable skills, the skills required to perform the jobs of motor transportation assignment clerk and maintenance dispatcher are not comparable with the transferable skills found by the ALJ. Dkt. # 21, at 2.

4

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhardt, 357 F.3d 1140, 1142 (10th Cir.2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id*. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. *See id.* Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. *See id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step five of the analysis. At step five, the ALJ must consider a claimant's RFC, age, education, and work experience to determine if other work exists that a claimant is able to perform. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). If the claimant can adjust to work outside of his past relevant work, the ALJ shall enter a finding that the claimant is not disabled. 42 U.S.C. § 423(d)(2)(A). However, the ALJ must find that a claimant is disabled if insufficient work exists in the national economy for an individual with the claimant's RFC. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010). The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process. Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991).

The ALJ issued a written decision and the Appeals Council found no basis to review the ALJ's decision, and the ALJ's written decision is a final decision by an administrative agency that can be reviewed by this Court. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). The

Court may not reweigh the evidence or substitute its judgment for that of the ALJ but, instead, reviews the record to determined if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

Plaintiff initially challenges the ALJ's finding that he had any transferable skills,[2] and he argues that the alleged skills are nothing more than "general knowledge and abilities." Dkt. # 21, at 2. According to Social Security Ruling 82-41:

> skill is knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level (requires more than 30 days to learn). It is practical and familiar knowledge of the principles and processes of art, science or trade, combined with the ability to apply them in a proper and approved manner. This includes activities like making precise measurements, reading blueprints, and setting up and operating complex machinery. A skill gives a person a special advantage over unskilled workers in the labor market.

SSR 82-41, 1982 WL 31389. A person cannot acquire transferable skills by performing an unskilled job and a "person who has acquired skills that are not transferable to other jobs 'has no special

---

[2] The Court has reviewed plaintiff's opening brief, reply brief, and objection to the magistrate judge's report and recommendation, and he specifically objects only to the ALJ's finding that reading and writing reports is a transferable skill. The ALJ also found that plaintiff had the transferable skills of "supervision, operating tools and equipment, and repair procedures" and plaintiff has not specifically challenged this finding.

advantage.'" Dikeman v. Halter, 245 F.3d 1182, 1185 (10th Cir. 2001). If an ALJ finds that a claimant possesses transferable skills, "he must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable." Id.

Plaintiff argues that "reading and writing reports" is not a skill learned from a job but it is an "ability . . . learned in school" and it is a "general ability that workers possess in differing degrees." Dkt. # 17, at 5. However, there is evidence in the administrative record to support the ALJ's finding that plaintiff had the transferable skill of reading and writing reports. Plaintiff completed a disability report listing all of his prior work experience and explaining his job duties at each of his prior jobs, and he noted that he was responsible for writing or completing reports or similar duties when he worked a self-employed welder. Dkt. # 15-6, at 35, 37 The ALJ also relied on the VE's testimony to support his finding that plaintiff learned the skill of reading and writing reports in his prior work. Dkt. # 15-2, at 53. There is no evidence suggesting that the ALJ made a finding that plaintiff was capable of drafting or reading scientific or technical reports, and the transferable skill of reading and writing reports was limited to the context of plaintiff's prior employment. The Court also notes that plaintiff was represented at the hearing before the ALJ and his attorney made no objection to the VE's testimony that plaintiff possessed the skill of reading and writing reports. Maes v. Astrue, 522 F.3d 1093, 1097 (10th Cir. 2008). The Court finds that the administrative record contains substantial evidence supporting the ALJ's finding that plaintiff had the transferable skill of reading and writing reports.

Plaintiff's primary argument is that the ALJ failed to identify any jobs at the sedentary level that plaintiff could actually perform with his transferable skills and no additional skills. In this case, the ALJ applied Medical-Vocational Rule 201.15, which provides that a person closely approaching

advanced age is not disabled if he has transferable skills that allow him to perform work available in sufficient numbers in the regional and national economies. 20 C.F.R. Pt. 404, Subpt. P., App'x 2. "The grids should not be applied conclusively in a particular case ... unless the claimant could perform the full range of work required of that [RFC] category on a daily basis and unless the claimant possesses the physical capacities to perform most of the jobs in that range." Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1994). "[R]esort to the grids is particularly inappropriate when evaluating nonexertional limitations such as pain and mental impairments." Hargis v. Sullivan, 945 F.2d 1482, 1490 (10th Cir. 1991).

Plaintiff does not challenge the ALJ's finding that he had the RFC to perform the full range of sedentary work,[3] but he does argue that the ALJ failed to identify any specific jobs to which plaintiff's skills are transferable. The ALJ did identify specific skills that plaintiff acquired in his prior work but it is not clear that the skills are transferable to the specific jobs referenced by the VE. The Dictionary of Occupational Titles (DOT) § 215.267-010 provides the following description of the job duties of a motor transportation assignment clerk:

> Assigns operating personnel of busline to partial, temporary, or rush hour run to meet daily human resource and transportation needs of company: Records driver staffing requirements for unstaffed scheduled runs from data received from personnel department. Prepares list of extra drivers available in ready room for assignment for regular, special, or charter trips. Selects drivers according to such considerations as seniority, experience, and time, location, and duration of assignment. Records and submits data on assignments to personnel department. May prepare and issue bulletins regarding policy, procedure, and schedule changes.

---

[3] The ALJ noted that there was evidence in the record showing that plaintiff had some treatment for depression, but he found that this was a nonsevere impairment that did not prevent plaintiff from working at the sedentary level. Dkt. # 15-2, at 24. Thus, there were no nonexertional mental impairments that would preclude application of the Medical-Vocational Rules.

Dictionary of Occupational Titles § 215.267-010 (4th ed. rev. 1991). The job is classified as sedentary and has a specific vocational preparation (SVP) level of 3. The ALJ also found that plaintiff had the RFC and transferable skills to work as a maintenance dispatcher, and a maintenance dispatcher is responsible for:

> Receiving telephone and written orders from plant departments for maintenance service, such as repair work, machine adjustments, and renewals or installation of other plant property, and relays requests to appropriate maintenance division. Keeps record of requests and services rendered. Requisitions supplies for maintenance and clerical workers.

Dictionary of Occupational Titles § 239.367-014 (4th ed. rev. 1991). This job is also classified as sedentary and has a SVP level of 3.

The ALJ found that plaintiff had the transferable skills of "reading and writing reports, supervision, operating tools and equipment, and repair procedures," but the administrative record does not contain sufficient evidence from which the ALJ could have made a meaningful comparison between plaintiff's transferable skills and the duties of the new jobs identified by the ALJ. See Dkt. # 15-2, at 30. The VE provided only a cursory description of the duties of a motor transportation assignment clerk and maintenance dispatcher, but there is no evidence in the administrative record outlining the duties of either job. Dkt. # 15-2, at 53 (VE testified only that a motor transportation clerk "basically . . . keep[s] records" and the VE provided no description of the duties of a maintenance dispatcher). When relying on a VE's testimony to support a finding that transferable skills readily permit a claimant to perform certain jobs available in the regional or national economies, the ALJ must elicit testimony comparing the claimant's transferable skills and the duties of the new jobs to support a finding that the claimant would have an advantage over other workers applying for the same jobs. Jensen v. Barnhart, 436 F.3d 1163, 1168 (10th Cir. 2005). There is no

such evidence in the administrative record, and the Court will not supply the missing findings. It should be left for the ALJ in the first instance to supplement the administrative record and make any additional findings necessary to support the conclusion that plaintiff's skills would actually be transferable to the jobs of motor transportation assignment clerk and maintenance dispatcher.[4]

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 20) is **rejected**, and the Commissioner's decision to deny plaintiff's claim for disability benefits is **reversed and remanded**. A separate judgment is entered herewith.

**DATED** this 25th day of September, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[4] The Court declines to reach plaintiff's argument that his transferable skills would not actually enable him to work as a motor transportation assignment clerk or maintenance dispatcher as the duties of those jobs are outlined in the DOT.